David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
Sara Tidd, State Bar No. 259741
stidd@go2.law
**GOLDEN GOODRICH LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Wesley H. Avery

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Darren Creig Dunckel,<br><br>    Debtor.<br><br>Wesley H. Avery, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Darren Creig Dunckel,<br><br>    Plaintiff,<br><br>v.<br><br>Erin Murphy,<br><br>    Defendant. | Case No. 2:24-bk-15258-DS<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT:**<br><br>**(1) TO AVOID PREFERENCE AND RECOVER FRAUDULENTLY TRANSFERRED PROPERTY – 11 U.S.C. §§ 544(b); 550; FEDERAL DEBT COLLECTION PROCEDURES ACT OF 1990 (FDCPA), 28 U.S.C. §§ 3001, *ET SEQ.***<br><br>**(2) FOR RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. § 550; and**<br><br>**(3) TO PRESERVE TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. §551** |

COMPLAINT

**TO DEFENDANT ERIN MURPHY AND HER COUNSEL, IF ANY:**

Plaintiff Wesley H. Avery, the duly appointed, qualified and acting chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate (the "Estate") of debtor Darren Creig Dunckel (the "Debtor"), hereby files this *Complaint: (1) To Avoid Preference and Recover Fraudulently Transferred Property – 11 U.S.C. §§ 544(b); 550; Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. §§ 3001, et seq; (2) For Recovery of Avoided Transfer Under 11 U.S.C. § 550; and (3) To Preserve Transfer for the Benefit of the Estate Pursuant to 11 U.S.C. § 551* (the "Complaint") against Erin Murphy (the "Defendant"), and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, 11 U.S.C. §§ 105, 323, 363(h), 541, 542, 544, 550 and 551, and C.C.P. § 761.020.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

2. The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding.  To the extent the Court does not have constitutional jurisdiction to enter a final judgment, the Plaintiff consents to the Court entering a final judgment in this proceeding.

3. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

4. This adversary proceeding arises out of and relates to the case entitled *In re Darren Creig Dunckel*, Case No. 2:24-bk-15258-DS, filed on July 2, 2024, and currently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division.

## STATEMENT OF STANDING

5. The Debtor filed his chapter 7 bankruptcy petition on July 2, 2024 (the "Petition Date").

//

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

6. On July 2, 2024, the Plaintiff was appointed as the duly qualified and acting chapter 7 trustee of the Estate.

7. The Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 323, 544, 548, 550 and 551.

## PARTIES TO THE ACTION

8. The Plaintiff is the duly appointed, qualified and acting chapter 7 trustee for the Estate, and brings this action for the benefit of the Estate and the Debtor's creditors. This action is brought by the Plaintiff in his representative capacity only. To the extent that the Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), the Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in the case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

9. The Plaintiff is informed and believes, and based thereon alleges that the Defendant is an individual residing in the city of Malibu, California, in Ventura County. the Plaintiff is informed and believes and based thereon alleges that the Defendant is the Debtor's former spouse.

## GENERAL ALLEGATIONS

10. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 9 as though fully set forth herein.

11. The Plaintiff is informed, believes, and based thereon alleges that prior to the Petition Date, the Debtor held an interest in real property located at 11948 Beach Club Way, Malibu, California 90265 and assigned APN: 700-0-220-275 (the "Property").

12. The Plaintiff is informed, believes, and based thereon alleges that on August 3, 2018, the Debtor quitclaimed his interest (the "Transfer") in the Property to the Defendant, by deed recorded in the County Recorder's office for the County of Ventura as Document Number 20180803-00088695-0.

//

13. The Plaintiff is informed, believes, and based thereon alleges that the Transfer was for less than reasonably equivalent value.

14. The Plaintiff is informed, believes, and based thereon alleges that the Defendant remains the title owner for the Property.

15. The Plaintiff is informed, believes, and based thereon alleges that the current estimated value of the Property is $3,383,600.

16. The Plaintiff is informed, believes, and based thereon alleges that there are no mortgages secured by the Property.

17. On September 16, 2024, the IRS filed a proof of claim in the Case (designated as Claim 8-1 in the Court's register of claims), in the amount of $64,036.03, of which $11,569.10 is asserted as a priority claim. The IRS proof of claim also discloses an estimated claim for unpaid income taxes for the tax period ending December 31, 2018. Based upon the IRS proof of claim, it appears the Property was transferred by the Debtor to the Defendant at a time when the Debtor owed taxes to the IRS.

## FIRST CLAIM FOR RELIEF

**(To Avoid Preferences and Recover Fraudulently Transferred Property - 11 U.S.C. §§ 544(b); 550; Federal Debt Collection Procedures Act of 1990CPA), 28 U.S.C. § § 3001, *et seq.*)**

18. The Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 17 as though fully set forth herein.

19. The Plaintiff is informed, believes, and based thereon alleges that the Transfer constitutes a transfer of an interest of the Debtor in the Property.

20. The Plaintiff is informed, believes, and based thereon alleges that the Transfer was made in favor of the Defendant, an insider of the Debtor by virtue of his relationship as the then-spouse of the Defendant.

21. The Plaintiff is informed and believes, and based thereon alleges that at the time of the Transfer, the Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer.

Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

22. The Plaintiff is informed and believes, and based thereon alleges that the Transfer was made on account of an antecedent debt owed to the Defendant by the Debtor.

23. The Plaintiff is informed and believes, and based thereon alleges that the Defendant knew, or had reasonable cause to know, that the Debtor was insolvent at the time of the Transfer, and/or ken the Debtor would become insolvent as a result of the Transfer.

24. The Plaintiff is informed, believes, and based thereon alleges that the United States of America and/or one of its agencies was a creditor at the time of the Transfer.

25. The Plaintiff is informed and believes, and on that basis alleges the United States of America and/or one of its agencies was harmed as a result of the Transfer and the Debtor's conduct was a substantial factor in causing such harm.

26. Accordingly, the Transfer should be avoided pursuant to 11 U.S.C. § 544(b), 28 U.S.C. §§ 3306 and 3304(a)(2) of the FDCPA.

## SECOND CLAIM FOR RELIEF

**(For Recovery of Avoided Transfers Under 11 U.S.C. § 550)**

27. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 26, as though fully set forth herein.

28. The Plaintiff is informed, believes, and based thereon alleges that the Transfer is avoidable.

29. The Plaintiff is informed, believes, and based thereon alleges that the Defendant is a transferee within the meaning of 11 U.S.C. § 550(a).

30. The Plaintiff is entitled to judgment for the recovery of the Transfer, or the value thereof, including any proportionate increase of the value of the Property since the time of the Transfer, together with interest at the applicable rate from the date the Property was transferred, for the benefit of the Estate.

## THIRD CLAIM FOR RELIEF

### (To Preserve Transfer for the Benefit of the Estate

### Pursuant to 11 U.S.C. § 551)

31. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 30, as though fully set forth herein.

32. Pursuant to 11 U.S.C. § 551, if the Transfer is avoided, the Transfer is preserved for the benefit of the Estate.

**WHEREFORE**, the Plaintiff prays that this Court enter a judgment against the Defendant as follows:

### On the First Claim for Relief

1. For judgment to avoid, for the benefit of the Estate, the Transfer pursuant to 11 U.S.C. § 544(b), 28 U.S.C. §§ 3306 and 3304(a)(2) of the FDCPA.

### On the Second Claim for Relief

2. For judgment for the recovery of the Debtor's interest in the Property transferred to the Defendant under the Quitclaim Deed.

### On the Third Claim for Relief

3. For judgment avoiding and preserving the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 551.

Respectfully submitted,

Dated: May 7, 2025         GOLDEN GOODRICH LLP

By:  /s/ *David M. Goodrich*
     DAVID M. GOODRICH
     General Counsel for Chapter 7 Trustee
     Wesley H. Avery

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WESLEY H. AVERY, SOLEY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF DARREN CREIG DUNCKEL, | **DEFENDANTS**<br>Erin Murphy |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>GOLDEN GOODRICH LLP<br>3070 Bristol Street, Suite 640, Costa Mesa, CA  92626<br>(714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT: (1) TO AVOID PREFERENCE AND RECOVER FRAUDULENTLY TRANSFERRED PROPERTY – 11 U.S.C. §§ 544(b); 550; FEDERAL DEBT COLLECTION PROCEDURES ACT OF 1990 (FDCPA), 28 U.S.C. §§ 3001, ET SEQ. (2) FOR RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. § 550; and (3) TO PRESERVE TRANSFER FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. §551

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ [1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>DARREN CREIG DUNCKEL | BANKRUPTCY CASE NO.<br>2:24-bk-15258-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>DEBORAH J. SALTZMAN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ David M. Goodrich | | |
| DATE<br>MAY 7, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>DAVID M. GOODRICH | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.